UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NAOMI SANDRES

VERSUS

STATE OF LOUISIANA DIVISION
OF ADMINISTRATION OFFICE
OF RISK MANAGEMENT

CIVIL ACTION

NO. 08-524-BAJ-CN

## RULINGS

The Court's review of this matter upon its recent reassignment reveals numerous pending motions and a pending appeal by plaintiff of an order of the Magistrate Judge. The Court addresses the motions herein, *seriatim*.

Defendant filed a motion for a sanction of dismissal, asserting that plaintiff's litigation demonstrates a malicious intent to use her *in forma pauperis* status to harass defendant (doc. 11). In support of the motion, defendant cites several cases filed against it by the defendant. Though the numerous cases cited by defendant are of concern to the Court, the Court also notes that dismissal is a serious sanction that implicates due process. See, e.g., *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). Moreover, defendant has not directed to the Court to any entry in the record which demonstrates that plaintiff has previously been warned that she may be sanctioned for the filing of repeated frivolous or vexatious filings. See e.g., *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that "[t]he imposition of a sanction without a prior warning is to be avoided").

Accordingly, the motion by defendant to dismiss (doc. 11) is **DENIED**, and plaintiff's Motion Not to Dismiss (doc. 12) is **DISMISSED** as moot.

**Plaintiff is, however, cautioned that repeated, frivolous or vexatious filings will subject her to appropriate sanctions**. See e.g., *BKS Properties v. Shumate*, 51 Fed.Appx 483 (5th Cir. 2002) (noting that sanctions are appropriate where pro se parties abuse the judicial process); *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998) *cert. denied*, 526 U.S. 1157, 119 S.Ct. 2044, 144 L.Ed.2d 212 (2007) (noting that a district court has discretion to impose sanctions upon vexatious or harassing litigants); *Birdo v. Carl*, 32 F.3d 565 (5th Cir. 1994) (noting that, in considering the propriety of sanctions imposed on a pro se litigant, the court considers whether the litigant received a warning prior to imposition of the sanctions).

Plaintiff, noting that defendant has filed no answer in this matter, has also filed a motion for entry of default. The Court notes, however, that defendant filed its motion to dismiss prior to its deadline to answer, and plaintiff filed the motion for default while the motion to dismiss was pending. Accordingly, the motion for default (doc. 30) is **DENIED**, and **IT IS ORDERED** that defendant's **answer is due within 21 days** of the issuance of this Ruling.

The matter having recently been reassigned, plaintiff's motions to transfer or reassign the matter (18, 22, 23, 47) and plaintiff's motion for leave to file an amended affidavit in support of the motion to transfer or reassign the matter (doc. 25) are **DISMISSED** as moot.

Plaintiff has also moved for a temporary restraining order to prevent the "disposal of pertinent information, document, or files relevant to this case while this court decides on the motions to dismiss or not to dismiss" (doc. 43). Because the motion to dismiss and the motion not to dismiss have been addressed, the motion for a temporary restraining order is **DISMISSED** as moot.

Because the Court has ruled on all of plaintiff's other pending motions in this matter, plaintiff"s motions to address the status of the pending motions (docs. 20, 21, 28, 29, 38, 40, 45, 46, 49) are **DISMISSED** as moot.

Plaintiff has also filed an appeal of the Magistrate Judge's Order denying plaintiff's Request for Case File Original Records and Certified Docket Sheets (doc. 37). In reviewing the order in question, the Court must determine whether the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Having reviewed the order at issue, the Court finds that it is neither clearly erroneous nor contrary to law. Accordingly, **IT IS ORDERED** that the Order of the Magistrate Judge dated January 12, 2010 (doc. 105) is hereby **AFFIRMED.**

Baton Rouge, Louisiana, September 23, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA